UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DEBORAH GAYHEART, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 7:18-cv-00096-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WAL-MART, INC., *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

*** *** *** ***

When parties in a case are otherwise diverse, a plaintiff may not avoid federal diversity jurisdiction by also suing a non-diverse employee of a defendant corporation. Here, Deborah Gayheart has attempted to keep her tort lawsuit in Kentucky state courts by joining Mickey Gilley, a Wal-Mart employee, as a defendant. Because she has failed to state a claim upon which relief may be granted against Mr. Gilley, Ms. Gayheart's Motion to Remand is **DENIED** and Mr. Gilley's Motion to Dismiss is **GRANTED**.

**I**

Plaintiff Deborah Gayheart, a citizen of Kentucky, sued Wal-Mart, Wal-Mart Stores East, WSE Management, and Mickey Gilley after she slipped and fell in the Wal-Mart Super Center in Pikeville, Kentucky. [R. 1-2 at 2–7.] According to Ms. Gayheart, water had puddled on the floor of the shopping facility due to a leaky ceiling. *Id.* As to Mr. Gilley specifically, Ms. Gayheart claims he had a duty to notify her of the dangerous conditions but failed to take appropriate action. *Id.* at 4–5.

Wal-Mart, Inc., is a corporation with citizenship in Delaware and Arkansas. [R. 1 at 2.] WSE Management is a limited liability company, and its sole member is Wal-Mart Stores East.

*Id*. Wal-Mart Stores East is also a limited liability company with only one member, Wal-Mart, Inc. *Id*. The citizenship of a limited liability company has the citizenship of each of its members. *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015). Thus, both WSE Management and Wal-Mart Stores East are also citizens of both Delaware and Arkansas, leaving Mr. Gilley the only non-diverse defendant.

Ms. Gayheart filed suit on July 31, 2018, in Pike Circuit Court in Pike County, Kentucky. [R. 1-2 at 1.] On August 20, all defendants filed a joint answer to Ms. Gayheart's complaint, in which their first defense was failure to state a claim upon which relief could be granted. *Id*. at 12. The answer did not state defenses specific to each defendant, but rather for Wal-Mart generally. *Id*. at 12–17. Ten days later, the diverse defendants filed a notice of removal and Mr. Gilley filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id*. at 20. On September 5, Mr. Gilley refiled his motion to dismiss before this Court, and on September 29, Ms. Gayheart filed a motion to remand to Pike Circuit Court. [R. 5; R. 7.] The Defendants claim that Mr. Gilley had no legal duty to Ms. Gayheart, and therefore, he must be dismissed.

## II

### A

Before reaching the merits of both parties' motions, Ms. Gayheart first argues that Mr. Gilley's motion to dismiss is untimely, since he did not file the motion before he filed his answer. [R. 6 at 3.] Ms. Gayheart asserts that Mr. Gilley has waived this motion. *Id*. However, only defenses pursuant to Federal Rule of Civil Procedure 12(b)(2)–(5) are considered waived by failure to make a motion or include the specific defense in the responsive pleading. Fed. R. Civ. Pro. 12(b)(h)(1). A defense under Rule 12(b)(6) or a motion to state a legal defense may be made in a pleading, in a motion under Rule 12(c), or even at trial. Fed. R. Civ. Pro. 12(h)(2).

2

Simply because Mr. Gilley asserted this defense after answering does not mean he waived it. Because he has submitted an answer to Ms. Gayheart's complaint, the Court will consider his motion to dismiss as a motion for judgment on the pleadings. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, n.1 (6th Cir. 1988).

**B**

This action is in federal court on the basis of removal and diversity jurisdiction. 28 U.S.C. § 1332. Ms. Gayheart contests this removal because Mr. Gilley is a Kentucky citizen, but the Defendants believe Mr. Gilley is improperly joined. The Court must first determine whether it has jurisdiction to hear the matter.

For issues of state law, a Federal District Court only has jurisdiction if the amount in controversy exceeds $75,000 and there is complete diversity among parties. 28 U.S.C. § 1332. Under this rule, Ms. Gayheart's case should be remanded because Mr. Gilley, as a citizen of Kentucky, destroys complete diversity. However, if Mr. Gilley was fraudulently joined, the Court could ignore his non-diverse citizenship and consider removal to be proper. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). In order to demonstrate fraudulent joinder, the Defendants must introduce sufficient evidence that Mr. Gayheart could not establish a cause of action against Mr. Gilley under Kentucky state law. *Id.* If there is even a "colorable basis" to predict such success, the Court must remand.

Regardless of whether the case is remanded or remains before this Court on the basis of diversity jurisdiction, Kentucky is the forum state and its substantive law will be followed. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). So long as the case remains in federal court, federal procedural law will govern as applicable, including in establishing the appropriate standards for fraudulent joinder and dismissal. *Weaver v. Caldwell Tanks, Inc.*, 190

F. App'x 404, 408 (6th Cir. 2006).

Mr. Gilley is an hourly employee of Wal-Mart in Pikeville. [R. 1-2 at 27.][1] He asserts, and Ms. Gayheart does not contest, that he has never owned or possessed the building, he has never had managerial responsibilities for Wal-Mart, and he has never been responsible for maintenance or upkeep of the building. [R. 12 at 2–3.] Instead, Ms. Gayheart merely asserts that he had control "over the area of the store" involving her injury. [R. 7-1 at 6–7.] In Kentucky, a plaintiff must demonstrate four elements to establish negligence: duty, breach, causation, and damages. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). The existence of a duty by the defendant to the plaintiff is a question of law to be determined by the Court. *Id*. at 89.

"A possessor of land owes a duty to an invitee to discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Grubb v. Smith*, 523 S.W.3d 409, 422 (Ky. 2017) (quoting *Shelton v. Ky. Easter Seals Soc. Inc.*, 413 S.W.3d 901, 909 (Ky. 2013)). In *Grubbs*, the Supreme Court of Kentucky rejected the theory that a store manager could be liable for injuries incurred when a store patron tripped over an eroded patch of asphalt on the store's premises. *Id*. at 421–27. First, the court determined, while a corporation can delegate the performance of that duty to others, it cannot delegate its responsibility under tort law. *Id*. at 422. Wal-Mart, Inc., "remains directly, whether or not vicariously, liable for injury-causing breaches of that duty notwithstanding that the breach resulted from an agent's negligence." *Id*.

Furthermore, to be liable to a third party, an agent of a land-possessor "must have

---

[1] Though Mr. Gilley's affidavit was not attached to his answer, the Court may consider additional material from the pleadings to determine if there exist any "undisputed facts that negate the claim." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (quoting *Walker v. Phillip Morris USA, Inc.*, 443 F. App'x 946, 955–56 (6th Cir. 2011)). Ms. Gayheart does not claim or present facts suggesting that Mr. Gilley is, in fact, not an hourly worker. [*See* R. 6; R. 7.] In fact, Ms. Gayheart points to Mr. Gilley's affidavit as supportive of her claims. [R. 6 at 6–7.] Mr. Gilley's employment position is potentially determinative of his liability to Ms. Gayheart. Thus, the Court finds it appropriate in this instance to consider the affidavit for undisputed facts. *Casias*, 695 F.3d at 433.

sufficient control over the premises to remedy the premises' alleged defect." *Id*. at 425. In *Grubb*, the Kentucky Supreme Court found that the manager did not undertake or have the authority to make repairs, and thus, determined the manager did not have "sufficient control" to impose liability. *Id*. at 423. Ms. Gayheart does not allege that Mr. Gilley had such authority, and the Court cannot find any suggestion in the facts that Mr. Gilley would have the ability, authority, or responsibility to repair a leaky ceiling. Thus, he is not subject to any duty as a possessor of the building, even if he was in charge of supervising a specific area of the store. *Id*. at 423.

Ms. Gayheart insists, however, that because Mr. Gilley was in charge of that portion of the store, he "owed at the very minimum a duty of reasonable care to everyone, including Ms. Gayheart." [R. 7-1 at 6.] Specifically, Ms. Gayheart believes Mr. Gilley should have placed a sign in the area to warn store patrons of the wet floor. *Id*. at 2. However, Ms. Gayheart does not allege that Mr. Gilley *caused* the leak or that he had a duty to fix the leak. Independent of his employment at Wal-Mart, Mr. Gilley would have no more duty to warn Ms. Gayheart of the condition than another shopper in the area who saw the water but said nothing to warn her. *See Grubb*, 523 S.W.3d at 426. The Supreme Court of Kentucky has determined that a manager did not have a duty to warn patrons of dangerous conditions the manager herself did not create, and therefore, Mr. Gilley, who was merely an employee and not even a manger, also does not bear that duty. *See id.* at 427. Mr. Gilley only has a duty to Wal-Mart, as an employee, to perform his employee duties. Wal-Mart, instead, has the direct and vicarious responsibility to maintain reasonably safe premises.

Because Mr. Gilley owes no duty to Ms. Gayheart to warn her of the leak and resulting water, Ms. Gayheart has not established a "colorable basis" to forecast success against Mr.

Gilley. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Even construed in the light most favorable to Ms. Gayheart, Kentucky law establishes no duty for a store manager, much less a store employee, to warn patrons of dangerous conditions they did not create. Accordingly, the Court finds that Mr. Gilley was fraudulently joined. *Id.* Such fraudulent joinder does not defeat the diversity jurisdiction in this matter, and Ms. Gayheart's Motion for Remand is denied.

## C

Having established diversity jurisdiction over this matter, the Court now turns to Mr. Gilley's motion to dismiss, which the Court considers as a motion for judgment on the pleadings. A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standards as a motion to dismiss under Rule 12(b)(6), and the Court is required to take as true all well-pleaded allegations of the non-moving party. *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017). To survive under Rule 12(c), "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id*. at 346–47 (citations omitted).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the Plaintiffs' complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

Accepting Ms. Gayheart's alleged facts as true, including that Mr. Gilley was aware of the leak and collecting water on the floor, the existence of a duty is a question of law. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003). To succeed on her negligence claim against Mr. Gilley, Ms. Gayheart must show that he had a duty to warn her of the condition, he breached that duty, she sustained injuries and damages, and such a breach was the cause of those injuries and damages. *Id*. at 88.

The Court has already determined that Mr. Gilley owed no duty to Ms. Gayheart. *See supra* II.B.[2] In evaluating Ms. Gayheart's Motion to Remand, the Court considered a similar, but more lenient analysis than would be applied for a motion to dismiss. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). Ms. Gayheart not only did not have a colorable claim against Mr. Gilley, but she has no cognizable claim at all, as he had no legal duty to remedy or warn her of the slippery floor. Accepting all of her allegations as true, Mr. Gilley still did not possess the necessary control over the premises to be liable for a dangerous condition he

---

[2] In determining this lack of duty, the Court considered Mr. Gilley's affidavit, which was not attached to either the complaint or answer and is thus outside the pleadings. If matters outside the pleadings are presented to the Court, and not excluded, as such is the case here, the motion must be treated as a motion for summary judgment, rather than a motion for judgment on the pleadings. Fed. R. Civ. Pro. 12(c). All parties must be given a reasonable opportunity to present materials pertinent to such a motion by Rule 56. *Id*. Here, the only material outside of the pleadings that has been considered by the Court is the affidavit filed by Mr. Gilley and his statement that he was only an hourly employee of Wal-Mart and had no managerial role. While Ms. Gayheart has presented her own rebuttal affidavit to Mr. Gilley's statements, she has in no way contested his employment status. [*See generally* R. 6; R. 7; R. 13-1.] Because mere presentation of evidence outside the pleadings is sufficient to trigger the conversion of a motion pursuant to Rule 12(c) to a motion for summary judgment, the Court will consider both Ms. Gayheart's and Mr. Gilley's affidavits and converts Mr. Gilley's Rule 12(c) motion to a motion for summary judgment. *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 502–03 (6th Cir. 2006). Because Ms. Gayheart presented rebuttal material to other statements made in Mr. Gilley's affidavit, the Court finds that she hade sufficient notice and opportunity to provide all pertinent materials. *Id*. at 504. However, because she does not contest his employment status, the Court finds no genuine dispute on this material fact. Fed. R. Civ. P. 56.

did not create. *See generally Grubb v. Smith*, 523 S.W.3d 409 (Ky. 2017). Drawing all inferences in favor of Ms. Gayheart, she has failed to state a claim against Mr. Gilley upon which relief may be granted. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

### III

Ms. Gayheart feels as though Mr. Gilley could have prevented her injury, and while that may be true, he had no legal duty to do so in this instance. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Deborah Gayheart's Motion to Remand [**R. 7**] is **DENIED**;

2. Defendant Mickey Gilley's Motion to Dismiss [**R. 5**] is **CONSTRUED** as a Motion for Judgment on the Pleadings pursuant to Rule 12(c);

3. Defendant Mickey Gilley's Motion for Judgment on the Pleadings [**R. 5**] is **GRANTED**; and

4. All claims by Plaintiff Deborah Gayheart against Defendant Mickey Gilley are **DISMISSED WITH PREJUDICE**.

This the 15th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge